Edward L. Slocum and Another, Individually and Doing Business under the Firm Name and Style of " Slocum & Hill," Respondents, v. Anna H. Whittic, Appellant.

Per Curiam. This is an action by real estate brokers for commissions. Concededly the seller had agreed to pay them. The brokers, however, are here suing the purchaser. The theory upon which plaintiffs pleaded and tried their case was that of a contract between the parties whereby, in consideration of the defendant being permitted to deal directly with the real estate owner, without the interference of plaintiffs, the defendant agreed to pay the commissions, the thought being that defendant could purchase enough cheaper by dealing directly with the owner to afford to pay the commissions. Such contract was not sufficiently proven. The only testimony to support it is that of one of the plaintiffs in which he stated that defendant said: " If he went out there alone and talked with them himself, he could buy it enough cheaper so he could take care of the commission part of it." That this witness himself did not believe that defendant had bound himself to pay the commissions is evidenced by the fact that, after the sale was made, he billed the owner for the commissions, and only when the owner told him that defendant had agreed with the owner to pay the commissions did he make any claim that defendant was liable therefor to plaintiffs. Plaintiffs did not sue upon any theory of their right to the benefit of a promise made by defendant to the owner. Nor was the case tried or submitted on that theory. To be sure plaintiffs did plead " that thereafter the defendant did purchase said farm at a reduced price * * * upon the agreement with the said Willex [owner] that the defendant should pay the plaintiffs' commissions, etc.," but this was pleaded, not as a separate cause of action, but apparently as an evidentiary fact in connection with the only cause pleaded, namely, that of a promise made directly by defendant to plaintiffs. At best, no promise was made by defendant directly to plaintiffs until after the sale was completed, and such promise was not supported by a consideration. The judgment and order, therefore, should be reversed and a new trial ordered, with costs to the appellant to abide the event. All concur. Present — Sears, P. J., Crouch, Taylor, Thompson and Crosby, JJ. Judgment of County Court and of Municipal Court reversed on the law and facts and a new trial granted in the Municipal Court, with costs in all courts to the appellant to abide the event.